O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DERRICK HOWARD,                )  Case No. CV 12-01068 DDP (JCx)
                               )
            Plaintiff,         )
                               )  **ORDER DENYING IN PART AND**
      v.                       )  **GRANTING IN PART DEFENDANTS'**
                               )  **MOTION TO DISMISS**
FARMERS INSURANCE COMPANY,     )
et al.,;                       )
                               )  [Dkt. Nos. 17, 27]
            Defendants.        )
_____)

Before the court is a Motion to Dismiss filed by Defendant Mid-Century Insurance Company ("Mid-Century"). (Dkt. No. 17.) Defendant Farmers Insurance Company ("Farmers") has joined Mid-Century's Motion. (Dkt. No. 27.) The matter is fully briefed and suitable for adjudication without oral argument. Having considered the parties' submissions, the court adopts the following order.

**I.   Background**

In this action, Plaintiff in pro per, Derrick Howard, who is currently incarcerated in the State of Florida, alleges Farmers Insurance Company and Mid-Century Insurance failed to pay benefits to him under two "Landlord Protector" insurance policies covering

properties in St. Louis, Missouri. According to the Complaint, the first policy, No. 92838-63-11 ("the '11 policy"), insured a property at 4423 Kossuth Avenue. The second policy, No. 92564-27-03 ("the '03 policy"), insured a property at 4433 Kossuth Avenue. (Compl. ¶¶ 1-4, Dkt. No. 3.)

This is the second lawsuit filed by Plaintiff arising from the same alleged loss under the '11 policy. In the earlier suit, Plaintiff filed a claim in the Southern District of West Virginia on December 3, 2010, alleging that Defendant Farmers Insurance Company ("Farmers") wrongfully denied his claim under the '11 policy for losses resulting from vandalism committed on July 15, 2006 by a tenant at 4423 Kossuth Avenue. (See Motion Ex. 2 ¶¶ 8, 10-12.) The Complaint alleged that Farmers wrongfully denied the claim on the ground that the property was vacant 30 days prior to the damage. (Id. ¶ 13-16.) Within a week of its filing, the action was ordered transferred to the Eastern District of Missouri. (See id. Ex. 3.)

Following the transfer, on August 9, 2011, Judge Henry Edward Autrey ordered Plaintiff to show cause why the action should not be dismissed for lack of jurisdiction and ordered Farmers to file a brief as to whether diversity jurisdiction was present. (See id. Ex. 5.) Farmers filed a response attaching the insurance policy at issue, which, according to Farmers, limited claims for property loss to $60,000. (See id. Ex. 6 at 2, 4-17.) Plaintiff did not respond substantively to the court's order to provide evidence regarding jurisdiction. (Exs. 4, 7.)

On August 6, 2011, Judge Autrey issued an order stating that (1) "complete diversity is absent" and (2) "Defendant has also

2

1  shown that the maximum value of this case to plaintiff is $60,000."

2  (Id. Ex. 8 at 5.) Accordingly, Judge Autrey dismissed the case for

3  lack of subject matter jurisdiction. (See id. Exs. 8-9.) On April

4  24, 2012, the Eighth Circuit Court of Appeals affirmed the

5  dismissal. (See id. Exs. 10-11.)

6      On February 13, 2012, Plaintiff filed the instant Complaint

7  against Farmers, Mid-Century, and 17 individual defendants who are

8  alleged to be corporate officials of the insuring entities. (Dkt.

9  No. 3.) As in the earlier suit, Plaintiff alleges that Defendants

10 wrongfully denied his claim under the '11 policy for losses

11 resulting from the act of vandalism on July 15, 2006 by a tenant at

12 4423 Kossuth Avenue. (Compl. ¶¶ 1-4, 7-9.) As in the earlier suit,

13 Plaintiff alleges that the claim was denied improperly on the

14 grounds that the property was vacant 30 days prior to the damage.

15 (Id. ¶ 9-16.)

16     Unlike the earlier suit, however, the instant Complaint also

17 includes claims alleging that Farmers and Mid-Century wrongfully

18 denied benefits under the '03 policy that insured the nearby

19 property at 4433 Kossuth Avenue. (Compl. ¶¶ 28-33.) The Complaint

20 does not clearly explain the basis for the claim; it is unclear

21 whether it relates to losses arising from the same alleged act of

22 vandalism as the '11 policy claim or from a different loss.

23 Plaintiff alleges that on or about December 1, 2007, Farmers and

24 Mid-Century fraudulently refused to process Plaintiff's claim on

25 the false ground that the policy had been canceled. (Id. ¶ 32.)

26     The Complaint alleges causes of action for (1) breach of

27 fiduciary duty; (2) negligence; (3) breach of constructive trust;

28 (4) breach of contract under the '11 policy; (5) breach of contract

1   under the '03 policy; and (6) vexatious refusal under Mo.  Stat.

2   §§ 375.296 and 375.420. He asserts complaints for damages of

3   $250,000. (Compl. at 19.)

4        Defendants Mid-Century and Farmers now moves to dismiss the

5   Complaint for lack of subject matter jurisdiction pursuant to

6   Federal Rule of Civil Procedure 12(b)(1). Defendants also move to

7   dismiss claims against the individual defendants who are alleged to

8   be corporate officers of the insuring entity pursuant to Rule

9   12(b)(6).

10

11  **II.   Subject Matter Jurisdiction**

12       Federal courts are courts of limited jurisdiction. <u>Owen Equip.</u>

13  <u>& Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978). Federal

14  district courts have "original jurisdiction of all civil actions

15  arising under the Constitution, laws, or treaties of the United

16  States." 28 U.S.C. § 1331.  Alternatively, district courts may

17  exercise diversity jurisdiction when there is complete diversity

18  between the parties and the amount in controversy exceeds $75,000.

19  28 U.S.C. § 1332.  Complete diversity means that each of the

20  plaintiffs must be a citizen of a different state than each of the

21  defendants.  <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996).

22  When subject matter jurisdiction is at issue, the plaintiff bears

23  the burden of establishing the jurisdiction it asks the court to

24  invoke. <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377

25  (1994).

26       Defendants assert that Plaintiff cannot establish that this

27  court has subject matter jurisdiction over the instant dispute on

28  the ground that any assertion by Plaintiffs as to compliance with

1   the amount in controversy requirement is barred under the doctrine

2   of issue preclusion.

3        "The doctrine of issue preclusion prevents relitigation of all

4   issues of fact or law that were actually litigated and necessarily

5   decided in a prior proceeding. . . .  The issue must have been

6   actually decided after a full and fair opportunity for litigation."

7   Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988)

8   (quotation marks and citation omitted).  Issue preclusion applies

9   to an earlier court's determination of an issue related to the

10  existence of subject matter jurisdiction.  See Hohu v. Hatch, 940

11  F. Supp.2d 1161, 1170 n.4 (N.D. Cal. 2013)(quoting Wrigh, Miller &

12  Cooper, Federal Practice and Procedure: Jurisdiction 2d §

13  4436)("Although a dismissal for lack of jurisdiction does not bar a

14  second action as a matter of claim preclusion, it does preclude

15  relitigation of the issues determined in ruling on the jurisdiction

16  question"); see also McNeil v. USPS, 2010 WL 3371751, at *10 (C.D.

17  Cal. July 27, 2010).

18       The court agrees with Defendants that Plaintiff is precluded

19  from arguing that the value of the '11 claim exceeds $60,000. The

20  issue was decided in the earlier case before Judge Autrey of the

21  Eastern District of Missouri after Plaintiff was given a full and

22  fair opportunity to litigate the issue. (See id. Ex. 3.)

23       However, this conclusion does not mean that the court does not

24  have subject matter jurisdiction over the instant Complaint. It is

25  well established that a single plaintiff may aggregate two or more

26  claims against a single defendant to satisfy the amount in

27  controversy requirement. See Snyder v. Harris, 394 U.S. 332, 335

28  (1969). Here, Plaintiff's assertion that the amount in controversy

1  requirement is met is based upon the combined alleged damages for

2  the '11 and '03 policy claims.

3      "Where the plaintiff originally files in federal court, the

4  amount in controversy is determined from the face of the pleadings.

5  . . .  The amount in controversy alleged by the proponent of

6  federal jurisdiction--typically the plaintiff in the substantive

7  dispute--controls so long as the claim is made in good faith."

8  Geographic Expeditions, Inc. v. Estate of Lhotka ex rel Lhotka, 599

9  F.3d 1102, 1106 (9th Cir. 2010) (quotation marks and citation

10 omitted). Plaintiff seeks damages in relation to his claims under

11 the '11 and '03 claims in the amount of $250,000, which

12 significantly exceeds the jurisdictional requirement. (Compl. at

13 19-20.) Having reviewed the Complaint and Plaintiff's explanation

14 of his assertions related to the amount in controversy, (Opp. at 4-

15 11), the court is persuaded that Plaintiff's alleged damages are

16 made in good faith. When the alleged damages for the '03 claims are

17 added to those of the '11 claim, it is not "obvious that the suit

18 cannot involve the necessary amount." Geographic Expeditions, 599

19 F.3d at 1106 (quoting St. Paul Mercury Indemnity Co. v. Red Cab

20 Co., 303 U.S. 283, 292 (1938).

21

22 **III. Claims Against Individual Defendants**

23     A complaint will survive a motion to dismiss when it contains

24 "sufficient factual matter, accepted as true, to state a claim to

25 relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

26 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

27 570 (2007)). When considering a Rule 12(b)(6) motion, a court must

28 "accept as true all allegations of material fact and must construe

those facts in the light most favorable to the plaintiff." <u>Resnick</u>
<u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint
need not include "detailed factual allegations," it must offer
"more than an unadorned, the-defendant-unlawfully-harmed-me
accusation." <u>Iqbal</u>, 556 U.S. at 678. Conclusory allegations or
allegations that are no more than a statement of a legal conclusion
"are not entitled to the assumption of truth." <u>Id.</u> at 679. In other
words, a pleading that merely offers "labels and conclusions," a
"formulaic recitation of the elements," or "naked assertions" will
not be sufficient to state a claim upon which relief can be
granted. <u>Id.</u> at 678 (citations and internal quotation marks
omitted).

 "When there are well-pleaded factual allegations, a court
should assume their veracity and then determine whether they
plausibly give rise to an entitlement of relief." <u>Id.</u> at 679.
Plaintiffs must allege "plausible grounds to infer" that their
claims rise "above the speculative level." <u>Twombly</u>, 550 U.S. at
555. "Determining whether a complaint states a plausible claim for
relief" is a "context-specific task that requires the reviewing
court to draw on its judicial experience and common sense." <u>Iqbal</u>,
556 U.S. at 679.

 Defendants move to dismiss the seventeen individual
Defendants, who are alleged to be officers of Mid-Century and
Farmers. The court agrees that dismissal is appropriate. All of
Plaintiff's claims arise from the alleged breach of contracts
Plaintiff entered into with the two entity Defendants. (<u>See</u> Compl.
¶¶ 26, 41.) However, Plaintiff has not alleged any facts indicating
that any contract existed between Plaintiff and any of the

individual Defendants. Nor has Plaintiff offered in his Opposition any explanation as to why the individual Defendants were included in the Complaint. Accordingly, Plaintiff has failed to state a plausible claim against the individual Defendants and their dismissal from this action is warranted under Rule 12(b)(6).

**III. Conclusion**

For the reasons stated above, Defendants' Motion is DENIED insofar as Defendants assert that Plaintiff has failed to establish the existence of federal subject matter jurisdiction. Defendants' Motion is GRANTED with respect to the seventeen individual Defendants, who are hereby dismissed from this case.


IT IS SO ORDERED.

Dated:  April 09, 2014

DEAN D. PREGERSON
United States District Judge