O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DERRICK HOWARD, | ) | Case No. CV 12-01068 DDP (JCx) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **APPOINTMENT OF COUNSEL** |
| v. | ) | |
| | ) | [Dkt. No. 103] |
| FARMERS INSURANCE COMPANY, | ) | |
| INC.; MID-CENTURY INSURANCE | ) | |
| COMPANY; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Presently before the Court is Plaintiff's Motion for Appointment of Counsel. (Dkt. No. 103.) Plaintiff is an inmate at United States Penitentiary Coleman II in Florida; the claims of his complaint arise from an insurance contract relating to a rental property in Missouri that Plaintiff owns or owned. (Dkt. No. 3.) In other words, it is a private civil dispute, not a criminal matter, a civil rights claim, or even a civil dispute with the Bureau of Prisons.

Plaintiff nonetheless asks that the Court request an attorney to represent him under 28 U.S.C. § 1915(e)(1). That section allows

the court "to request volunteer counsel for indigent plaintiffs," although "the court has no power to make a mandatory appointment." Zachow v. City of Portland, Or., No. 3:14-CV-00140-JE, 2014 WL 1236371, at *3 (D. Or. Mar. 25, 2014).  Plaintiff argues that appointment of volunteer counsel "would assist the court as well as all parties involved," because, as an inmate, he is unable to conduct discovery, depose witnesses, or timely respond to pleadings, discovery, or court orders.  (Motion at 3.)

Plaintiff is correct that his status as an inmate hinders the timely and orderly resolution of this litigation.  (See, e.g., Dkt. No. 90 (order modifying scheduling order because discovery is delayed by being sent back and forth through the prison mail system).)  The parties' frustration with this fact is understandable.  However, there are several good reasons not to request counsel under § 1915(e)(1).

First, request of counsel in private, commercial lawsuits is vanishingly rare.  After diligent search, the Court has found only one case in which a private plaintiff was appointed counsel in a suit against a non-government-affiliated private defendant.  In that case, the plaintiff had brought a claim for conversion against his former attorney, who had allegedly sold the plaintiff's car without his permission while the plaintiff was in prison.  Peterson v. Nadler, 452 F.2d 754 (8th Cir. 1971).  As a criminal defense attorney's misconduct against his client implicates due process and other constitutional guarantees, that case may be unique and limited to its facts.

In a case much like this one, on the other hand, the Western District of Wisconsin noted:

1    I believe that the court of appeals did not intend district
2    courts to evaluate the need for counsel in personal injury
3    lawsuits in the same manner as in federal question litigation.
4    The primary reason is that personal injury claims have an
5    economic value that makes meritorious claims attractive to
6    lawyers without any need for judicial intervention . . . .   It
7    might be somewhat more difficult for a prisoner to find legal
8    representation because he is not able to make a personal visit
9    to the lawyer's office, but there is no reason to believe that
10   any prisoner with a meritorious personal injury claim could
11   not find a capable lawyer willing to provide representation.
12   If counsel refuse to take the claim because it appears
13   unlikely to succeed . . . there is no reason for the court to
14   intervene to require a lawyer to proceed with prosecution of
15   the claim.

16   Lipscomb v. Gen. Foods Corp., 615 F. Supp. 254, 257 (W.D. Wis.
17   1985).  Similarly, in a suit like this one, which involves claims
18   against an insurer under a statute that provides for attorney's
19   fees, Mo. Ann. Stat. § 375.296, it seems likely that a plaintiff
20   with a meritorious case could reach some sort of contingency
21   agreement with a private attorney.

22       Even assuming § 1915(e)(1) applies to lawsuits between private
23   parties, it might be reasonable in such cases to demand that the
24   indigent litigant make at least some attempt to secure private
25   counsel before asking the court to appoint counsel.  See, e.g.,
26   Bracey v. Grondin, 712 F.3d 1012, 1016 (7th Cir. 2013) (requiring
27   an indigent litigant to "make reasonable efforts at finding counsel
28   himself").  Plaintiff has not shown that he has attempted to obtain

3

1  private counsel in this case or argued that it would be impractical

2  for him to do so.

3      Additionally, when a court asks an attorney to represent an

4  indigent party, what gives heft to that request is not that it is

5  mandatory (it is not), but that attorneys have a non-binding moral

6  and professional obligation to provide the indigent with some

7  access to legal services.  See, e.g., Mallard v. U.S. Dist. Court

8  for S. Dist. of Iowa, 490 U.S. 296, 310-11 (1989) (Kennedy, J.,

9  concurring) ("Lawyers, like all those who practice a profession,

10 have obligations to their calling which exceed their obligations to

11 the State . . . .  Accepting a court's request to represent the

12 indigent is one of those traditional obligations.").  Because pro

13 bono representation is a limited resource, the Court should lean on

14 that obligation primarily in cases where the gravest harms to

15 justice are likely to occur, such as in civil rights claims.

16     Moreover, appointment of counsel under § 1915(e)(1) "is

17 granted only in exceptional circumstances," and requires an

18 evaluation of "at least" the likelihood of success on the merits

19 and the indigent plaintiff's "ability to articulate his claims in

20 light of the complexity of the legal issues involved."  Agyeman v.

21 Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (internal

22 quotation marks omitted).  While Plaintiff's likelihood of success

23 on the merits is hard to estimate at this stage, if he is likely to

24 succeed, that suggests, as noted above, that he could probably find

25 a private attorney to take the case for him.  As to the other

26 prong, Plaintiff has clearly and capably articulated his claims,

27 which do not seem legally complex, in his Complaint.  Plaintiff's

28 motion is based on the practical hurdles he faces in this

4

1  litigation, not on an inability to understand and argue the law.

2  The Court does not find that "exceptional circumstances" are

3  present here.

4      The motion for request of counsel is DENIED.  However,

5  recognizing the unusual circumstances under which the parties are

6  forced to litigate, the Court is willing to work flexibly with them

7  on scheduling and other issues that are impacted by Plaintiff's

8  incarcerated status.

9

10  IT IS SO ORDERED.

11

12  Dated: April 10, 2015

                                    DEAN D. PREGERSON
13                                  United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5