O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK HOWARD,<br><br>             Plaintiff,<br><br>     v.<br><br>FARMERS INSURANCE COMPANY,<br>INC.; MID-CENTURY INSURANCE<br>COMPANY; et al.,<br><br>             Defendants.<br>_____ | Case No. CV 12-01068 DDP (JCx)<br><br>**ORDER GRANTING PLAINTIFF'S (1) RENEWED MOTION TO AMEND SCHEDULING ORDER MOTION TO EXTEND TIME FOR TAKING DISCOVERY; (2) MOTION TO DEEM DENIED DEFENDANTS REQUEST FOR ADMISSIONS, SET ONE DENIED; (3) MOTION FOR ENLARGEMENT OF TIME TO FILE A RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND DENYING PLAINTIFF'S (4) MOTION FOR LEAVE TO SUPPLEMENT AND OR AMEND PLAINTIFF INITIAL RESPONSE TO DEFENDANTS MOTION FOR AN ORDER DEEMING PLAINTIFF DERRICK HOWARD A VEXATIOUS LITIGANT**<br><br>[Dkt. Nos. 126, 127, 129, 130, and also 106, 111, 120] |

     Presently before the Court are several of Plaintiff's motions:
(1) Renewed Motion to Amend Scheduling Order Motion to Extend Time
for Taking Discovery (Dkt. No. 126); (2) Motion to Deem Denied
Defendants Request for Admissions, Set One Denied (Dkt. No. 127);

(3) Motion for Enlargement of Time to File a Response to Defendant's Motion for Summary Judgment (Dkt. No. 129); (4) Motion for Leave to Supplement and or Amend Plaintiff Initial Response to Defendants Motion for an Order Deeming Plaintiff Derrick Howard a Vexatious Litigant (Dkt. No. 130).  Having considered the submissions of the parties, the Court adopts the following order.

**I.  Renewed Motion to Amend Scheduling Order Motion to Extend Time for Taking Discovery**

Good cause being shown and taking in due consideration Plaintiff's incarcerated status, the Court extends the time for taking discovery sixty (60) more days from the date of this order, thus GRANTING in part Plaintiff's Renewed Motion to Amend Scheduling Order Motion for Extending Time to Take Discovery. (Dkt. No. 126.)  This order also resolves Plaintiff's prior motions to extend discovery, which are hereby VACATED as moot.  (Dkt. Nos. 106, 111.)  No further continuances shall be granted.

**II. Motion to Deem Denied Defendants Request for Admissions, Set One Denied**

The Court GRANTS Plaintiff's Motion to Deem Denied Defendants Request for Admissions, Set One Denied.  (Dkt. No. 127.)

**III. Motion for Enlargement of Time to File a Response to Defendant's Motion for Summary Judgment**

Because the Court has re-opened discovery for sixty (60) days and allowed Plaintiff to deny Defendants' Request for Admissions, Set One after Defendants filed a Motion for Summary Judgment, the Court hereby VACATES Defendants' motion (Dkt. No. 120) and GRANTS Defendants seventy (70) days leave to amend and re-file the motion. The Court GRANTS Plaintiff one hundred and twenty (120) days from the date of any new Motion for Summary Judgment to respond to

2

that Motion. (Dkt. No. 129). No further continuances shall be granted.

In addition, ATTACHMENT A, regarding a Motion for Summary Judgment is attached to this Order.

**IV. Motion for Leave to Supplement and or Amend Plaintiff Initial Response to Defendants Motion for an Order Deeming Plaintiff Derrick Howard a Vexatious Litigant**

Because the papers before the Court are sufficient to make a decision regarding Defendants' Motion for an Order Deeming Plaintiff Derrick Howard a Vexatious Litigant, the Court DENIES Plaintiff's Motion for Leave to Supplement and or Amend Plaintiff Initial Response to Defendants Motion for an Order Deeming Plaintiff Derrick Howard a Vexatious Litigant. (Dkt. No. 130).

IT IS SO ORDERED.

Dated: September 14, 2015

DEAN D. PREGERSON
United States District Judge

**ATTACHMENT A**

**NOTICE -- WARNING**

**This Notice is Required to be Given to You by the Court**

The **[plaintiff/defendant]** has made a motion for summary judgment by which it seeks to have judgment entered in its favor. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end this case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party that is suing you makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply reply on what your **[answer to the complaint or complaint]** says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the **[plaintiff/defendant]**'s declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, you will lose this case and there will be no trial.

Local Rule 7.14 of the District Court also requires, in addition, that you include as a part of your opposition to a motion

1  for summary judgment a "Statement of Genuine Issues of Material
2  Fact."  In the Statement, you must list all material facts as to
3  which there is a genuine issue that should be decided at trial.  If
4  you do not list a fact in your Statement, and the fact is supported
5  by the **[plaintiff/defendant]**'s evidence, the Court may assume that
6  the fact has been admitted to be true and grant summary judgment
7  against you.
8  ///
9  ///
10 ///