O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DERRICK HOWARD, | ) | Case No. 12-cv-01068 DDP (JCx) |
| | ) | |
| Plaintiff, | ) | **PRE-TRIAL ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| FARMERS INSURANCE COMPANY, INC.; MID-CENTURY INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The court adopts the following pre-trial order to resolve the manner of Plaintiff Derrick Howard's appearance at trial in this matter.

**I. BACKGROUND**

Plaintiff in pro per, Derrick Howard, is an inmate at United States Penitentiary Coleman II in Florida. (Dkt. 175). In 2012, Howard filed a pro se complaint against Farmers Insurance Company, Inc. and Mid-Century Insurance Company (collectively,

Defendants) (Dkt. 3). The claims in his civil complaint arise from an insurance contract relating to a rental property in Missouri that Howard owns or owned. (Dkt. 3).

The court assumes the parties' familiarity with the litigation history of this case, which has been recounted in the court's prior Orders. (*See* Dkt. 50, 175.). As relevant here, Plaintiff filed a partial Motion for Summary Judgment. (Dkt. 175).[1] The sole issue before the court on summary judgment was whether Plaintiff's rental property was vacant 30 days prior to July 15, 2005, the date of the alleged act of vandalism. (Dkt. 175). The court denied Plaintiffs' partial Motion for Summary Judgment, finding that a triable issue of fact remained as to the vacancy of the unit. (*Id.*)

A trial in this matter is scheduled for September 19, 2017 (Dkt. 200). Because Plaintiff is currently incarcerated in the state of Florida, the court must now *sua sponte* determine the manner in which Plaintiff will appear for trial and litigate his civil suit.

**II. LEGAL STANDARD**

"When determining whether it should issue a writ of habeas corpus ad testificandum . . . the district court must exercise its discretion based upon consideration of such factors as whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Wiggins v. Alameda Cty.*, 717 F.2d 466, 468 (9th Cir. 1983) (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977).

**III. DISCUSSION**

Under 28 U.S.C. § 2241(c)(5) and § 1651(a), a district court may issue a writ of habeas corpus ad testificandum to secure the physical presence of a prisoner in court. *See Greene v. Prunty*, 938 F.Supp.637, 638 (S.D. Cal. 1996). In determining whether the writ should issue, a court must weigh the relative costs and benefits of the prisoner's physical presence, including "whether the prisoner's presence will substantially further the

---

[1] Defendants declined to move for summary judgment on Plaintiff's complaint.

2

resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Wiggins*, 717 F.2d at 468. The result will turn on "whether the probative value of the testimony justifies the expense and security risk associated with transporting an inmate-witness to court from a correctional facility." *Greene*, 938 F. Supp. at 639 (S.D. Cal. 1996). The court considers each of these factors below in turn.

### a. Substantial Furtherance of Case Resolution

As to the first factor, a court must consider "not only whether an inmate-witness's testimony is relevant, but also, whether such testimony is necessary." *Id*. at 639. Here, as Howard is proceeding pro per in his own case, the court finds that his presence at trial will significantly further the resolution of the litigation.

Despite this, under Federal Rule of Civil Procedure 43(a), a court may permit testimony in open court by live videoconferencing "[f]or good cause in compelling circumstances and with appropriate safeguards." Therefore, the precise question before the court is whether a live videoconferencing may be an appropriate substitute for Howard's physical presence given the countervailing considerations of cost and security, which are discussed below.

### b. Security Risks

In considering this second factor, the court must determine whether Howard "presents a heightened security risk beyond the mere fact that he is a prisoner." *See Randolph v. Nix*, No. 1:12–cv–00392–LJO–MJS (PC), 2016 WL 2081091 (E.D. Cal. 2016). The court notes that Howard was previously convicted of "obstruction of justice, use of an interstate facility with intent to commit murder-for-hire, and threatening to murder an assistant United States attorney," for which he was sentenced to an aggregate term of 600 months in prison. *Howard v. United States*, No. 4:10CV300 CEJ, 2010 WL 1424026, at *1 (E.D. Mo. Apr. 9, 2010). Although these offenses occurred at least a decade ago, several are violent in nature. In addition, the USP Colman II facility at which Howard is housed

is considered a "high-security prison," *Nixon v. Thomas*, No. 3:11–CV–01292–KI, 2012 WL 5996933 (D. Oregon 2012). Accordingly, this second factor counsels against Howard's physical appearance at trial.

   **c. Expense**

The court finds that the expense of securing Howard's presence at trial is likely substantial in light of the fact that Howard is currently housed in Sumterville, Florida, several thousand miles removed from the federal courthouse in Los Angeles. In addition to transportation expenses, Howard's presence will incur significant lodging costs, particularly as Howard resides at a high-security prison and must be housed at a secure facility for the duration of the trial. As a result, this factor weighs against Howard's physical appearance at trial.

   **d. Stay of Suit Until Prisoner's Release**

The final factor to be considered in issuing a writ is "whether the suit can be stayed until the inmate is released without prejudice to the cause asserted." *Wiggins v. Alameda Ct*y., 717 F.2d at 468. Due to his previous sentence of 600 months in prison, Howard has a release date of October 8, 2056.[2] The record contains no indication as to whether Howard may be entitled to parole at an earlier date, and, even so, such a possibility remains speculative. Under these circumstances, the court concludes that it would be prejudicial to stay the case until Howard's release.

   **e. Balancing the Factors**

Upon weighing the factors above, the court finds that the marginal benefits of Howard's physical presence—as compared to his appearance by live videoconference—do not outweigh the corresponding costs and security risks associated with transporting him across the country and ensuring his safekeeping for the duration of the trial. Moreover, the court finds "good cause in compelling circumstances" for the use of live videoconferencing given the substantial expenses and security considerations that his

---

[2] This information is derived from the Federal Bureau of Prison's online database, accessible at https://www.bop.gov/inmateloc.

4

presence would otherwise incur. F.R.C.P 43(a); *see Sanez v. Reeves*, No. 1:09–cv–00557–BAM (PC), 2013 WL 1636045 (C.D. Cal. 2013) (finding good cause for inmate testimony by videoconference in light of "significant expense and security risk"). The court is further assured that "appropriate safeguards" are in place with respect to the use of live videoconferencing technology, such that Howard may be "observed directly with little, if any, delay in transmission." *Barnet v. Gamboa*, No. 1:05–cv–01022–BAM (PC), 2015 WL 13215676 (E.D. Cal. 2015).

**IV. CONCLUSION**

For the reasons stated above, the court declines to issue a writ of habeas corpus ad testificandum to secure Plaintiff's physical presence at trial. Instead, the court hereby orders that Plaintiff be made available to appear for trial in this matter by live videoconference.

**IT IS SO ORDERED.**

Dated: September 6, 2017

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

5