O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DERRICK HOWARD, | ) | Case No. 12-cv-01068 DDP (JCx) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **TESTIMONY BY** |
| v. | ) | **CONTEMPORANEOUS** |
| | ) | **TRANSMISSION AND MOTION TO** |
| FARMERS INSURANCE COMPANY, | ) | **MODIFY SCHEDULING ORDER** |
| INC.; MID-CENTURY INSURANCE | ) | **AND TAKE EXPEDITED** |
| COMPANY, | ) | **VIDEOTAPED TRIAL** |
| | ) | **DEPOSITIONS** |
| Defendants. | ) | |
| | ) | [Dkts. 208, 216] |
| | ) | |

Presently before the court are Plaintiff's Motion for Testimony by Contemporaneous Transmission, Dkt. 208, and Motion to Modify Scheduling Order and Take Expedited Videotaped Trial Depositions, Dkt. 216. Having considered the parties submissions, the court adopts the following order.

**I. BACKGROUND**

Plaintiff in pro per, Derrick Howard, is an inmate at United States Penitentiary Coleman II in Florida. (Dkt. 175). In 2012, Howard filed a complaint against Farmers Insurance Company, Inc. and Mid-Century Insurance Company (collectively, Defendants) (Dkt. 3). The claims in his complaint arise from an insurance contract relating to rental property in Missouri that Howard owns or owned. (Dkt. 3). The court assumes the parties' familiarity with the litigation history of this case, which has been recounted in the court's prior orders. (*See, e.g.*, Dkts. 50, 175.).

Through the present motion, Plaintiff requests that his witnesses appear for trial by videoconference and that he be permitted to take videotaped preservation depositions of certain witnesses. Specifically, Plaintiff states that he intends to call the following nine witnesses: (1) Kimberly Haskins; (2) James Tate; (3) Denise Griffin; (4) Carolyn Jackson; (5) Sharon Money; (6) Vernado Howard; (7) Derrick Howard, Jr., (8) Thomas B. Gillam, Jr., and (9) Shatara Parker. (Pl.'s Obj. to Defs.'s Mem., Dkt. 214, at 12.) Plaintiff requests that each of these witnesses be allowed to testify by videoconference at trial.[1] (Dkt. 208.) In addition, Plaintiff requests leave to take the preservation depositions of four witnesses (James Tate, Carolyn Jackson, Sharon Money, and Vernado Howard) for presentation at trial because of their unanticipated unavailability due to serious illness. (Dkt. 216.) No depositions of any witnesses were taken by the parties before the close of discovery.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 43(a) provides that usually "[a]t trial, the witnesses' testimony must be taken in open court." However, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *See*

---

[1] Plaintiff requests that witnesses Edward Barolomei, John Convery, and Nick Zotos also be permitted to testify by videoconference. (Dkt. 208, at 1.)

2

*Beltran–Tirado v. I.N.S.*, 213 F.3d 1179, 1186 (9th Cir.2000). Telephone or videoconference testimony is appropriate where the opposing party's ability to conduct cross-examination is not compromised and the credibility of the witness can be properly assessed. *See Beltran*, 213 F.3d at 1186; *Alderman v. SEC*, 104 F.3d 285, 288 n. 4 (9th Cir.1997). "The use of such contemporaneous transmission in lieu of live testimony is expressly reserved to the sound discretion of the trial court." *Palmer v. Valdez*, 560 F.3d 965, 969 (9th Cir. 2009).

Under Federal Rule of Civil Procedure 16(b), a pre-trial scheduling order may be modified "only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted).

**III. DISCUSSION**

**A. Motion to Modify the Scheduling Order and Take Preservation Depositions**

Unlike discovery depositions, preservation depositions are meant to preserve testimony for trial due to the unexpected unavailability of a witness. *See Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 355 (D. Colo. 2001). When, as here, a party asks to depose its own witnesses, such requests are "more likely to be requests for preservation depositions." *Id.* Although circuit authority in this area is scarce, the court finds that a plaintiff must demonstrate good cause in order to take preservation depositions "despite the passage of the discovery cut-off date." *United States v. Real Prop. Located at 475 Martin Lane*, No. CV 04-2788 ABC (MCX), 2006 WL 8421723, at *2 (C.D. Cal. July 24, 2006).

Here, the court is doubtful that Plaintiff has been diligent in seeking the depositions of each witness prior to the close of discovery. Fact discovery closed on November 13, 2015, after the court twice granted Plaintiff's requests for extensions of the discovery deadline. (Dkt. 126.) In granting a second extension of the discovery deadline, the court stated that "No further continuances shall be granted." (Dkt. 133.) Plaintiff did

3

not serve any deposition notices during this period. Subsequently, in February 2017, Howard filed a motion for leave to depose many of the same witnesses that he now asserts are unavailable to testify.² (Dkt. 126, at 1.) The court denied the motion, having found insufficient good cause. (Dkt. 188.)

In addition, Howard has not accompanied his motion with supporting evidence or declarations from the nine witnesses who are purportedly unavailable to attend trial. This omission is striking in light of the fact that Howard previously submitted sworn declarations from many of the same witnesses indicating that they were willing to travel to California to testify. (Tate Decl. ¶ 8, Dkt. 171; V. Howard Decl. ¶ 28, Dkt. 171; Griffin Decl. ¶ 9, Dkt. 171; Money Decl. ¶ 6, Dkt. 171; Jackson Decl. ¶ 6, Dkt. 171; D. Howard, Jr. Decl. ¶ 6, Dkt. 171.) Under these circumstances, the court denies Howard's motion to modify the scheduling order and take preservation depositions of witnesses James Tate, Carolyn Jackson, Sharon Money, and Vernado Howard.

**B. Motion For Testimony by Contemporaneous Transmission**

For similar reasons, the court denies Howard's motion for testimony by videoconference. Although Howard has articulated specific reasons for the unavailability of his witnesses, he has not supported his motion with any corroborating evidence, particularly in the form of declarations from those witnesses.

Setting aside the issue of proof, the court further observes that Howard must show (1) good cause and (2) adequate safeguards to justify the use of live videoconferencing in lieu of a witness's physical presence at trial. *See Beltran–Tirado v. I.N.S.*, 213 F.3d 1179, 1186 (9th Cir.2000). "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected

---

² In that motion, Howard requested to take the depositions of Kimberly Haskins; James Tate; Carolyn Jackson; Denise Griffin; Sharon Money; Vernado Howard; Thomas B. Gillam, Jr., and Ryechine Money on the basis of their unavailability at trial. (Dkt. 126, at 1.)

4

reasons" such as "an accident or illness, but remains able to testify from a different place." Fed. R. Civ. P. 43(a) Advisory Committee's Notes (1996 amendment).

For certain witnesses, even should evidence of their unavailability be forthcoming, the court concludes that the circumstances alleged do not constitute good cause. Howard states that Thomas Gillam, Jr., Edward Bartolomei, John Convery, and Nick Zotus (the "Attorney Witnesses") are attorneys from Missouri and Texas. (Reply at 9.) Howard claims that the Attorney Witnesses' caseloads do not permit them to travel to California, and that this travel would pose a "burden, as it would expend financial resources." (Reply at 10.) The court is mindful that remote testimony "cannot be justified merely by showing that it is inconvenient for the witnesses to attend the trial." *Id.* Because all out-of-state travel would necessarily expend time and financial resources, the court cannot conclude that compelling circumstances exist for the Attorney Witnesses' unavailability.

In addition, "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id.* Howard has offered no evidence or explanation indicating how the specific circumstances leading to the unavailability of Derrick Howard, Jr., Shatara Parker, and the Attorney Witnesses could not have been anticipated and potentially avoided through diligent preparation on his part. According to Plaintiff, Derrick Howard, Jr. is a student and unable to travel due to work commitments. (Reply at 9.) Plaintiff claims that Parker is an unemployed single mother without financial resources. (Reply at 9.) It is not apparent to the court that these circumstances were unexpected or previously unknown to Plaintiff.

Rule 43 additionally requires "appropriate safeguards" to ensure, *inter alia*, accurate identification of the witness and accurate transmission. Fed. R. Civ. P. 43(a). Howard states that he has procured "an oral commitment from a local video production company" to provide videoconferencing services, but has not supplied the court with a suitable venue for the transmission of testimony. (Reply at 19.) In addition, Howard has

5

not assured the court that this proposal will allow for accurate transmission of testimony or "protection against influence from persons present with the witness." Fed. R. Civ. P. 43(a). The court is also concerned that Defendants' ability to conduct cross-examination would be compromised if each of Howard's nine witnesses were allowed to testify by videoconference. The Advisory Committee Notes underscore the "importance of presenting live testimony in court" as the "opportunity to judge the demeanor of a witness face-to-face is accorded great value." Fed. R. Civ. P. 43(a) Advisory Committee's Notes (1996 amendment). Because credibility determinations will be central to the outcome of the case and because Plaintiff has not established that "adequate safeguards" exist, the court denies Howard's motion for testimony by videoconference.

### C. Leave to Refile Motions with Supporting Evidence

Citing the limitations imposed by his incarcerated and pro se status, Howard has requested that the court permit him "an opportunity to obtain declarations from each witness specifically limited to [their] unavailability and financial hardship and medical issues" within "60 to 90 days." (Reply. at 16.) Accordingly, the court grants Howard leave to renew his Motion to Modify Scheduling Order and Take Expedited Videotaped Trial Depositions, Dkt. 216, in order to introduce the specified evidence, including declarations by witnesses James Tate, Carolyn Jackson, Sharon Money, and Vernado Howard corroborating the circumstances of their unexpected unavailability at trial. However, the court denies Howard leave to refile his Motion for Testimony by Contemporaneous Transmission, Dkt. 208, in view of the fact that Howard has not established that "adequate safeguards" would be present.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Testimony by Contemporaneous Transmission, Dkt. 208, and Plaintiff's Motion to Modify Scheduling Order and Take Expedited Videotaped Trial Depositions, Dkt. 216, are DENIED.

However, Plaintiff is granted leave to refile his Motion to Modify Scheduling Order and Take Expedited Videotaped Trial Depositions, Dkt. 216, with the addition of corroborating evidence, including declarations by witnesses James Tate, Carolyn Jackson, Sharon Money, and Vernado Howard attesting to the circumstances of their unavailability, within 60 (sixty) days of this Order, or by **March 30, 2018**. No further continuances shall be granted.

**IT IS SO ORDERED.**

Dated: 1/29/2018

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE